552 S.E.2d 33

**In the Matter of James A. CHEEK, Respondent.**

**No. 25349.**

Supreme Court of South Carolina.

Submitted Aug. 7, 2001.

Decided Aug. 27, 2001.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Frank L. Eppes, of Eppes & Plumblee, of Greenville, for respondent.

PER CURIAM:

Respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21,

RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a ninety days suspension from the practice of law. We accept the agreement and impose a ninety day suspension retroactive to July 5, 2001, the date respondent was placed on interim suspension. The facts as admitted in the agreement are as follows.

## Facts

Respondent was indicted on four counts of willful failure to file a South Carolina Income Tax Return in violation of S.C.Code Ann. § 12–54–40(b)(6)(c) (Supp.1994), and ten counts of failing to account for and pay over employee withholding taxes in violation of S.C.Code Ann. § 12–54–40(b)(6)(b) (Supp. 1994). Pursuant to a plea agreement with the Attorney General's Office, respondent pled guilty to one count of willful failure to file a South Carolina Income Tax Return in exchange for the dismissal of the remaining counts. He was sentenced to one year imprisonment and payment of a $5,000 fine, suspended upon payment of $500 and the service of three years' probation. He was also ordered to pay $12,105 restitution.

## Law

As a result of his conduct, respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4 (violating the Rules of Professional Conduct). In addition, respondent has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bring the legal profession into disrepute); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

## Conclusion

We find a ninety day suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent

from the practice of law for ninety days, retroactive to the date of his interim suspension.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.